UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEE FRUZZETTI, <br><br> Plaintiff, <br><br> v. <br><br> GARY SULLIVAN, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 22-cv-11330-ADB <br> * <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court denies without prejudice Plaintiff's application to proceed in district court without prepaying fees or costs [ECF No. 2], and grants in part and denies in part Plaintiff's motions to amend [ECF Nos. 5, 7]. If plaintiff wishes to proceed with this action, the Court grants him time to file (1) a renewed application to proceed in district court without prepaying fees or costs with a copy of his prison account statement and (2) a third amended complaint.

I.      BACKGROUND

On August 17, 2022, Lee Fruzzetti ("Fruzzetti"), currently in custody at MCI – Concord, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, seeking monetary damages for the alleged deprivation of his right to be free from malicious prosecution and illegal searches and seizures in violation of the Fourth Amendment. [ECF No. 1]. Although the case caption of the complaint identifies the defendants as "Easton Police Officers, et al.," the body of the complaint identifies

the defendants as follows:  (1) Gary Sullivan, Easton Police Chief; (2) Daniel Perry, Easton Police Officer; (3) Steve Hamilton, Easton Police Detective; (4) Nicholas Fields, Easton Police Detective; (5) Christopher Lacount, Easton Police Officer; and Danielle M. Sicord, Easton Town Clerk.  [Id. at p. 6 - 7].   Fruzzetti alleges that "[o]n February 20, 2018, [he] was arrested by [police officers with] 1. Brockton Police, 2. Easton Police [and] 3. State Police."  [Id. at p. 3].  Fruzzetti was found not guilty in one case and several other cases were dismissed.  [Id. at p. 5].

With his complaint, Fruzzetti filed an application to proceed in district court without prepaying fees or costs  (also referred to as a motion or application to proceed *in forma pauperis*).  [ECF No. 2].

Subsequent to the filing of his complaint, Fruzzetti filed a motion to amend [ECF No. 5], a second amended complaint [ECF No. 6]], and a motion for leave to amend complaint. [ECF No. 7].  In his first motion to amend the complaint, filed on October 21, 2022, Fruzzetti seeks "leave to amend the complaint to add Plymouth County" because "Plymouth Superior Court Case No. 1759CR 2336 – dated 9.27.2017 [was] dismissed."  [ECF No. 5].   Attached to this filing are several documents including a copy of an amended complaint that may have been filed by Fruzzetti in the Brockton Superior Court.  [ECF No. 5-1].

Ten days after filing his first motion to amend, on October 31, 2022, Fruzzetti filed a document titled "2nd Amended Complaint Pursuant to Rule 19, and 258D, et al."  [ECF No. 6].  He again states that there was a favorable termination of his prosecution in Plymouth County and that the Commonwealth should be joined as a part of his claim for relief.  [Id.].

On November 7, 2022, Fruzzetti filed a second motion for leave to amend his complaint.  [ECF No. 7].  In this motion, Fruzzetti again seeks "to add Plymouth County Criminal Docket" and "joinder of Defendants."  [Id.].  He explains that a copy of his "Plymouth docket just arrived

on 10.28.2022." [Id.].  Attached to the motion is a copy of the Plymouth District Court docket sheet for Commonwealth v. Fruzzetti, 1759CR002336.

II.     **IN FORMA PAUPERIS**

Fruzzetti's motion for leave to proceed *in forma pauperis* is denied without prejudice because he failed to provide a certified prison account statement.  Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Thus, if plaintiff wishes to proceed with this action, he must either: (1) pay the $402 filing and administrative fees, or (2) submit a renewed motion for leave to proceed *in forma pauperis* and a copy of his prison account statement. After receiving the prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by monthly payments until the $350 filing fee is paid in full.[1]  *See* 28 U.S.C. § 1915(b)(1)-(2).  Regardless of whether Fruzzetti pays the filing fee or proceeds *in forma pauperis* without prepaying of the filing fee, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

---

[1] When the court allows a prisoner's motion for leave to proceed *in forma pauperis*, the $50 administrative fee is waived, and the prisoner will be allowed to proceed without prepayment of the $350 filing fee.  The prisoner must still satisfy the $350 filing fee by making incremental payments pursuant to 28 U.S.C. § 1915(b)(1)-(2).

### III.     MOTIONS TO AMEND

Under the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as of right.  See Fed. R. Civ. P. 15(a)(1).  Otherwise, proposed amendments require the defendants' consent or the Court's leave.  See Fed. R. Civ. P. 15(a)(2).  Courts must freely grant leave to amend unless the amendment "would be futile, or reward, *inter alia*, undue or intended delay." See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

At this early stage of litigation, the "freely given" standard applies.  However, the filing of piecemeal amendments does not comply with the applicable rules and Fruzzetti's motions and second amended complaint do not contain factual allegations to support a claim against any of the named defendants. Under these circumstances, Fruzzetti's motions will be allowed in part so that he can file a third amended complaint.

To the extent Fruzzetti wishes to proceed, he must file a third amended complaint.  Any amended complaint—a new stand-alone document—must set forth plausible claims upon which relief can be granted.  The case caption must identify all defendants. Fed. R. Civ. P. 10(a). Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims.  Fed. R. Civ. P. 10(b) (the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").  Because it promotes clarity, "each claim founded on a separate transaction or occurrence... must be stated in a separate count." Id.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3).

While Rule 18(a) of the Federal Rules of Civil Procedure permits Fruzzetti "to bring multiple claims against a defendant in a single action ... it does not permit the joinder of unrelated claims against different defendants" Chase v. Chafee, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08–11528–RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).  Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  While there might be overlap with some of the parties, Fruzzetti is cautioned that it is impermissible to bring multiple unrelated claims against unrelated parties in a single action.

Finally, as an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Fruzzetti should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.  If an amended complaint is filed, it will be subject to screening.[2]

---

[2] The Court observes that this action may be barred by the doctrine of *res judicata* and/or the applicable statute of limitations.  On March 24, 2022, the Massachusetts Appeals Court affirmed the denial of Fruzzetti's motion for reconsideration following the dismissal of his complaint against Easton police officers and others.  See Fruzzetti v. Commonwealth, No. 20-P-1227, 2022 WL 868803 (Mass. App. Ct. 2022).  Also, it appears that the criminal cases were not resolved in Fruzzetti's favor during the past three years.   The latest date mentioned in Fruzzetti's pleadings is the Fall River Superior Court decision on August 8, 2019, a date outside the statute of limitations because this case was filed on August 17, 2022.  Plaintiff's claims under 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal injury claims under state law.

## VI.   CONCLUSION

Accordingly:

1. Fruzzetti's motion for leave to proceed *in forma pauperis* [ECF No. 2] is DENIED WITHOUT PREJUDICE.

2. Fruzzetti's motions to amend [ECF Nos. 5, 7] are <u>GRANTED IN PART AND DENIED IN PART</u>.  The motions are granted to the extent Fruzzetti seeks to file an amended complaint and denied in all other respects.

3. If Fruzzetti wishes to proceed in this matter, he must by **<u>December 29, 2022</u>**, (1) either pay the $402 filing fee or resubmit a renewed motion for leave to proceed *in forma pauperis* and a copy of his prison account statement; and (2) file a third amended complaint that complies with the Federal Rules of Civil Procedure.  Failure to timely comply with these directives may result in the dismissal of this action.

4. The Clerk shall send to Fruzzetti with a copy of this Memorandum and Order a blank form application to proceed in district court without prepaying fees or costs as well as courtesy copies of his complaint and second amended complaint.

**SO ORDERED.**

November 15, 2022                                                   /s/ Allison D. Burroughs
                                                                             ALLISON D. BURROUGHS
                                                                             U.S. DISTRICT JUDGE

---

<u>Ayala-Sepulveda v Municipality of San German</u>, 671 F.3d 24, 28–29 n.3 (1st Cir. 2012) (citations omitted).   In Massachusetts, the statute of limitations for personal injuries is three years from the date the cause of action accrues.  <u>See</u> Mass. Gen. Laws ch. 260, § 2A; <u>Nieves v. McSweeney</u>, 241 F.3d 46, 51 (1st Cir. 2001).  Under the prison mailbox rule, pleadings submitted by incarcerated *pro se* prisoners are deemed to be filed on the date that they are delivered to prison officials for mailing.  <u>Casanova v. Dubois</u>, 304 F.3d 75, 79 (1st Cir. 2002) (stating that "the filing date for purposes of assessing compliance with the statute of limitations will be the date on which the prisoner commits the mail to the custody of prison authorities").  Even with the benefit of the prison mailbox rule deeming this action filed on August 14, 2022, it appears to have been filed outside the statute of limitations because the latest date mentioned in the pleadings is the August 8, 2019 state court decision.