UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEE FRUZZETTI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EASTON POLICE OFFICERS, et al.,<br><br>　　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*　Civil Action No. 22-cv-11330-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

　　Plaintiff Lee Fruzzetti ("Fruzzetti") brings constitutional and state tort claims against the Commonwealth of Massachusetts (the "Commonwealth'), the town of Easton and Easton police officers, Daniel Perry ("Perry"), Dottie Fulginiti ("Fulginiti") and Steve Hamilton Sr. ("Hamilton") (collectively, the "Easton Defendants"), and the town of Plymouth – Town Counsel Chair (and "Plausible Inference Defendants") (collectively, the "Plymouth Defendants") (collectively, "Defendants"),[1] related to several state prosecutions.  See [ECF No. 9 ("Complaint" or "Compl.")].[2]  Presently before the Court are the Commonwealth's, the Plymouth Defendants', and the Easton Defendants' motions to dismiss the Complaint.  [ECF Nos. 21, 29, 32].  For the reasons that follow, the motions are GRANTED.

---

[1] Although spelled "Fulgenetti" in the complaint, the Easton Defendants indicate that the proper spelling is "Fulginiti."  [ECF No. 32 at 1 n.1].

[2] Although styled as his "Third Amended Complaint," the Complaint is actually Fruzzetti's second amended complaint.

I.      BACKGROUND

      A.      **Factual Background**[3]

Fruzzetti alleges that, in the context of four state criminal prosecutions, Plymouth and Easton officials engaged in conduct that was tortious and violated his constitutional rights, although as further discussed below, the detail included in the Complaint related to this alleged misconduct is spare. See generally [Compl.]. Three of these state criminal prosecutions were resolved in Fruzzetti's favor. [Id.]. During the prosecution of one of the cases that was resolved in his favor, Fruzzetti was held in pretrial detention for 512 days. [Id. at 3].

      B.      **Procedural History**

Fruzzetti initiated this action, pro se, on August 17, 2022, while incarcerated at MCI-Concord. [ECF Nos. 1, 2]. He also filed a motion for leave to proceed in forma pauperis ("IFP") the same day. [ECF No. 2]. Fruzzetti then filed an amended complaint on October 31, 2022, [ECF No. 6]. On November 15, 2022, the Court denied Fruzzetti's motion for leave to proceed IFP, with leave to refile with his prison account statement, and granted leave to amend his complaint. [ECF No. 8].

On December 8, 2022, Fruzzetti filed the Complaint, which raises a claim under the Massachusetts erroneous convictions statute, Mass. Gen. Laws ch. 258D; a number of constitutional claims, including alleged violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights; and tort claims, including malicious prosecution and negligence

---

[3] Facts are taken from Plaintiff's Complaint, which the Court assumes to be true when considering a motion to dismiss. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

claims. [Compl.].

On the same day, Fruzzetti also filed a renewed motion to proceed IFP and a motion for "enlargement of time Rule 6(b) civil excusable negligence extension the Covid-19 prison lockdown." [ECF Nos. 10–11]. On December 15, 2022, Fruzzetti filed a motion for appointment of pro bono counsel. [ECF No. 12]. On March 21, 2023, the Court granted Fruzzetti's motion to proceed IFP, denied his motion for enlargement of time, and denied, without prejudice, his motion for counsel. [ECF No. 14]. On July 10, 2023, Fruzzetti sought an extension to serve the Complaint, which the Court granted. [ECF Nos. 19–20]. The U.S. Marshals Service ("USMS") subsequently filed receipts indicating that Defendants were served between July and October 2023. [ECF Nos. 25–26, 41–44].

The Commonwealth moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on July 31, 2023; the Plymouth Defendants, pursuant to Rules 12(b)(5) and 12(b)(6), on August 21, 2023; and the Easton Defendants, pursuant to Rule 12(b)(6), also on August 21, 2023. [ECF Nos. 21, 29, 32]. Fruzzetti opposed all three motions on August 24, 2023. [ECF No. 39].

II.     **LEGAL STANDARD**

"Rule 12(b)(5) empowers courts to dismiss a complaint for insufficient service of process." Evans v. Staples, Inc., 375 F. Supp. 3d 117, 120 (D. Mass. 2019) (citing Fed. R. Civ. P. 12(b)(5)). "When a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper." Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014) (citation omitted). A court may "look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served[.]" Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015) (citation

omitted).  "[A]ny factual ambiguities are to be resolved squarely in the plaintiff's favor." Id. (citation omitted).

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pled facts, analyze them in the light most favorable to the plaintiff, and draw all reasonable inferences from those facts in favor of the plaintiff.  U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  Additionally, "a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice." MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).  A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief[,]'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)), and must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory[,]" Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

The Court construes the Complaint liberally because it was filed pro se.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st

4

Cir. 1997). Dismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim. Muller v. Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

III.   DISCUSSION

    A.   **The Commonwealth's Motion to Dismiss**

The Commonwealth argues that Fruzzetti's only claim against it, brought under Massachusetts General Laws Chapter 258D, must be dismissed because it is barred by the Eleventh Amendment. [ECF No. 22 at 1]. Fruzzetti responds that the Commonwealth has waived its sovereign immunity as to Chapter 258D claims. See [ECF No. 39 at 3].

"The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Pastrana-Torres v. Corporacion De P.R. Para La Difusion Publica, 460 F.3d 124, 126 (1st Cir. 2006) (quoting Hess v. Port Auth. Trans–Hudson Corp., 513 U.S. 30, 39 (1994)); see also Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304, (1990) (The Supreme Court "has drawn upon principles of sovereign immunity to construe the Amendment to 'establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)).

Nevertheless, "[a] state may waive its Eleventh Amendment immunity by making a 'clear declaration that it intends to submit itself to the jurisdiction of the federal courts.'" Arecibo Cmty. Health Care, Inc. v. Puerto Rico, 270 F.3d 17, 24 (1st Cir. 2001) (quoting Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999)).

> Such a declaration may be expressed . . . in a state statute or constitutional provision. However, in keeping with the Supreme Court's admonition that a state's consent to suit in federal court must be "stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction," [the First Circuit] ha[s] held that "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the state's intention to subject itself to suit in federal court."

Arecibo Cmty. Health Care Inc., 270 F.3d at 24 (first quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974); and then quoting Acevedo López v. Police Dep't of P.R., 247 F.3d 26, 28 (1st Cir. 2001)). The Court finds that there is nothing in Chapter 58D that suggests an intention to submit to suit in federal court. To the contrary, Chapter 258D's plain language indicates that Massachusetts superior courts "shall have exclusive jurisdiction of all . . . actions" brought under Chapter 258D. Mass. Gen. Laws ch. 258D, § 3. Although the Supreme Judicial Court has held that Chapter 258D constituted a "waiver of sovereign immunity," Guzman v. Commonwealth, 937 N.E.2d 441, 443 (Mass. 2010), such that claims may be brought against Massachusetts in Massachusetts courts, there is no Massachusetts caselaw suggesting that the Commonwealth also waived its Eleventh Amendment immunity from suit in federal courts. Thus, the Court finds that Fruzzetti's Chapter 258D claim is barred by the Eleventh Amendment and the Commonwealth's motion is therefore GRANTED.[4]

### B.   The Plymouth and Easton Defendants' Motions to Dismiss

The Plymouth Defendants argue that Fruzzetti's claims against them must be dismissed because they were improperly served. [ECF No. 30 at 3–4]. The Plymouth and Easton Defendants likewise argue that Fruzzetti's claims against them must be dismissed for failing to adequately plead any claim for which relief may be granted. [ECF No. 30 at 4; ECF No. 33 at

---

[4] Having found that Fruzzetti cannot bring a Chapter 258D claim against the Commonwealth in federal court, the Court need not reach the Commonwealth's other arguments for dismissal. See [ECF No. 22 at 6–7].

6

3]. They also raise other reasons why specific claims brought against specific defendants must be dismissed. [ECF No. 30 at 4–13; ECF No. 33 at 3–13]. Fruzzetti does not respond to these arguments. See generally [ECF No. 39].

        i.        Insufficient Service

"Rule 12(b)(5) empowers courts to dismiss a complaint for insufficient service of process." Staples, 375 F. Supp. 3d at 120; Fed. R. Civ. P. 12(b)(5). "When a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper." Vázquez-Robles, 757 F.3d at 4. The Plymouth Defendants contend that the claims against it must be dismissed because Fruzzetti failed to complete service. As the Plymouth Defendants explain:

> under Federal Rule of Civil Procedure 4(j)(2), service of process may be made on a municipality by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." Under Massachusetts Rules of Civil Procedure, service upon a municipality is made "by delivering a copy of the summons and of the complaint to the treasurer or the clerk thereof; or by leaving such copies at the office of the treasurer or the clerk thereof with the person then in charge thereof; or by mailing such copies to the treasurer or the clerk thereof by registered or certified mail."

[ECF No. 30 at 3 (first quoting Carrasquillo-Serrano v. Municipality of Canovanas, 991 F.3d 32, 41 (1st Cir. 2021); and then quoting Mass. R. Civ. P. 4(d)(4))]. Here, the Complaint and summonses were left with Plymouth's law firm. [ECF No. 25; ECF No. 30 at 3–4]. Fruzzetti does not respond to this argument. See [ECF No. 39]. The Court agrees that service has not been completed.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[,] . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for

7

service for an appropriate period." Fed. R. Civ. P. 4(m).  Fruzzetti has not articulated any cause for the delay.  Where a plaintiff relies on the USMS for service, a court may in some cases grant an extension to complete service, even without a showing of good cause, see Evans, 375 F. Supp. 3d at 122 (explaining that Rule 4(m) treats reliance on USMS to make service as an "exceptional circumstance[] where a court would be justified in granting an extension even without a showing of good cause" (citing Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment)).  Here, such an extension would be futile because, as further discussed below, the Court finds that Fruzzetti has otherwise failed to state a claim against the Plymouth Defendants.  See Perry v. Treseler, No. 18-cv-30194, 2020 WL 1877877, at *4 (D. Mass. Apr. 15, 2020) (holding that because motion to dismiss was likely to succeed and "permitting Plaintiff extra time to complete service would be futile[,]" "the issue of whether to extend the time period for service of process is moot" (quoting Mukherjee v Blake, No. 12-cv-11391, 2013 WL 2299521, at *4) (further citation omitted)); see also Dzanku v. Brennan, 270 F. Supp. 3d 376, 380 (D. Mass. 2017) (dismissing for insufficient service in part because "the Amended Complaint fails to state a claim [and] it would be futile to grant [plaintiff] an extension of time for completing service").  The Court finds that Fruzzetti has not completed service on the Plymouth Defendants, but given the futility, will not afford Fruzzetti additional time to complete service.

        ii.       Other Arguments for Dismissal

The Court finds that all of Fruzzetti's claims against the Plymouth and Easton Defendants must be dismissed, because the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a[ny] claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  After removing "labels and conclusions," as it must, Twombly, 550 U.S. at 555, Fruzzetti's allegations related to the Easton Defendants' conduct are: "Perry secured a warrant" for Fruzzetti's arrest and "knowingly lied" (presumably, in relation to

seeking that warrant), [Compl. at 2], "called the Plymouth District Police Station and used persuasive actions and lies to secure criminal charges" against Fruzzetti, and, again, "knowingly lied," [id. at 3]; and "Hamilton knowingly secured false criminal charges through lies and deceptive actions," and "knowingly lied," [id. at 5]. Again, after removing labels and conclusory statements, there are no allegations relating to specific conduct by any of the Plymouth Defendants. See generally [id.]. Fruzzetti also alleges generally that all Defendants' "actions on police reports, testimonies were false, malicious, defamatory, deceitful, harmful and damaging," [id. at 6], and, as noted above, that three of the four prosecutions were terminated in Fruzzetti's favor and he spent 512 days in pretrial detention. [Id. at 3].

> [I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally. As [the First Circuit] ha[s] said in a non-civil-rights context, the requirements of Rule 8(a)(2) are minimal—but "minimal requirements are not tantamount to nonexistent requirements."

Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley, 851 F.2d at 514). The Court finds that Fruzzetti's allegations fail to meet these requirements as to any of his claims.

For example, to the extent that lying by police officers could be actionable, say, in the context of malicious prosecution, defamation, or a Fourth Amendment claim related to a warrant, Fruzzetti must allege what the officers lied about and when and he has failed to do so. See Ashcroft, 556 U.S. at 678. Any claims based on the Easton or Plymouth Defendants' alleged lying fail on this basis alone.

Fruzzetti's constitutional claims against Easton and Plymouth, which are based on a theory of municipal liability, also fail, because Fruzzetti has failed to sufficiently allege a municipal policy or custom that was the driving force behind his alleged constitutional injuries.

9

See Thomas v. Town of Chelmsford, 267 F. Supp. 3d 279, 305 (D. Mass. 2017) (explaining that to state a claim for municipal liability for officers' alleged unconstitutional conduct, a plaintiff must adequately allege a plaintiff's injury is directly caused by either: (1) a municipal policy or (2) a municipal custom) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  "A Section 1983 claim based on a theory of municipal policy is only viable where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" Freeman v. Town of Hudson, 849 F. Supp. 2d 138, 149 (D. Mass. 2012) (quoting Monell, 436 U.S. at 690), aff'd, 714 F.3d 29, 38 (1st Cir. 2013).  "[A] single decision by [a] person with final policy-making authority may result in municipal liability under certain circumstances. . . .  However, this single action 'must be taken by a municipal official with "final policy-making authority" in the relevant area of the city's business.'" Id. (first citing Welch v. Ciampa, 542 F.3d 927, 942 (1st Cir. 2008); and then quoting Roma Constr. Co. v. aRusso, 96 F.3d 566, 576 (1st Cir. 1996)).  To establish a § 1983 claim based on a municipal custom, the custom "must be attributable to the municipality[,]" Whitfield v. Melendez-Rivera, 431 F.3d 1, 13 (1st Cir. 2005), such that it is "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice," Baez v. Town of Brookline, 44 F.4th 79, 82 (1st Cir. 2022) (quoting Whitfield, 431 F.3d at 13).  Evidence of a single incident of a constitutional deprivation "is insufficient, in and of itself, to establish a municipal 'custom or usage' within the meaning of Monell." Mahan v. Plymouth Cnty. House of Corrs., 64 F.3d 14, 16–17 (1st Cir. 1995) (emphasis omitted) (quoting Bordanaro v. McLeod, 871 F.2d 1151, 1156–57 (1st Cir. 1989)).  Allegations of "multiple instances of misconduct" that suggest a "systemic pattern of activity," however, may support an inference of

a municipal custom.  See Doe v. Town of Wayland, 179 F. Supp. 3d 155, 173 (D. Mass. 2016) (first citing Kibbe v. City of Springfield, 777 F.2d 801, 807 (1st Cir. 1985); and then citing Baron v. Suffolk Cnty. Sheriff's Dep't, 402 F.3d 225, 239 (1st Cir. 2005) (abrogated on other grounds)).

Here, the Complaint's scant allegations, properly considered after removing conclusory statements, e.g., "overwhelming patterns of similar violations show the required finding of municipal liability, 'constitution violations' 'untrained employees,'" [Compl. at 4], provide no support for the existence of either a municipal policy or custom that would warrant the imposition of municipal liability for alleged constitutional violations of Plymouth or Easton's officers.  Likewise, Fruzzetti's claims against Easton Defendant Fulginiti and his claims related to specific conduct by the Plymouth Defendants fail because there are no allegations related to any conduct by them.  See Canales v. Gatzunis, 979 F. Supp. 2d 164, 170 (D. Mass. 2013) ("In order to satisfy the minimal requirements of notice pleading, a plaintiff cannot 'lump' multiple defendants together and must 'state clearly which defendant or defendants committed each of the alleged wrongful acts.'" (quoting Bagheri v. Galligan, 160 F. App'x 4, 5 (1st Cir. 2005)) (other citations omitted).

Finally, Fruzzetti's claim under 42 U.S.C. § 1981 fails because he has not alleged either that he is a member of a racial minority or that he was discriminated against on that basis.  See Hammond v. Kmart Corp., 733 F.3d 360, 362 (1st Cir. 2013) ("[t]o state a claim under [42 U.S.C.] § 1981, a plaintiff must show[, among other things, that] . . . []he is a member of a racial minority; . . . the defendant discriminated against [him] on the basis of [his] race[.]" (citing Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002)).

These are examples. In all, as noted above, the Court finds that the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a[ny] claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Although the Court has found that all of Fruzzetti's claims must be dismissed as inadequately pleaded, it briefly addresses several of the Plymouth and Easton Defendants' other arguments. First, the Court agrees with the Plymouth and Easton Defendants, see [ECF No. 30 at 6–7; ECF No. 33 at 6], that both towns are immune from liability with respect to Fruzzetti's common-law malicious prosecution claim. See [Compl. at 2–6, 10]. Massachusetts General Laws Chapter 258, § 10(c) precludes liability for "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations[.]" Mass. Gen. Laws ch. 258, § 10(c); see, e.g., Luthy v. Proulx, 464 F. Supp. 2d 69, 76 (D. Mass. 2006) (dismissing malicious prosecution claim against the city of Attleboro because it alleged an "intentional tort[] committed by a City employee which [is] explicitly exempted from the scope of municipal liability under the MTCA.").

Second, as the Plymouth and Easton Defendants argue, see [ECF No. 30 at 5–6; ECF No. 33 at 5–6], Fruzzetti's negligence and other tort claims against the towns fail because he has not alleged that he has complied with the presentment requirement of the Massachusetts Tort Claim Act ("MTCA"). See generally [Compl.]. Pursuant to the MTCA, a tort claim may not be brought against a public employer unless the plaintiff "first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in

12

writing." Mass. Gen. Laws ch. 258, § 4. "[The MTCA's] strict presentment requirement is a statutory prerequisite for recovery under the Act." Shapiro v. City of Worcester, 982 N.E.2d 516, 522 (Mass. 2013) (citing Vasys v. Metro. Dist. Comm'n, 438 N.E.2d 836, 840 (Mass. 1982)). "The purpose of the presentment requirement is to 'ensure[ ] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.'" Rodriguez v. City of Somerville, 33 N.E.3d 1240, 1244 (Mass. 2015) (quoting Gilmore v. Commonwealth, 632 N.E.2d 838, 840 (Mass. 1994)).

> A letter purporting to constitute presentment does not have to be absolutely precise. The letter does, however, have to identify[ ] the legal basis of a plaintiff's claim and must not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim is being asserted which constitutes a proper subject for suit under G.L. c. 258.

Id. (alterations in original) (internal citations and quotation marks omitted). Fruzzetti has not alleged that he provided any notice of his negligence or other tort claims to Plymouth or Easton, and his claims must therefore be DISMISSED.

Finally, as the Easton Defendants point out, Fruzzetti cannot bring a Bivens claim against Fulginiti, see [ECF No. 33 at 3], since "[t]he Bivens doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities," DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008). There are no allegations from which the Court could infer that Fulginiti is a federal official, as opposed to a state or municipal official. See generally [Compl.]. As such, any Bivens claim against Fulginiti must be DISMISSED.

IV.     **CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss, [ECF Nos. 21, 29, 32], are <u>GRANTED</u>.

**SO ORDERED.**

February 28, 2024                                   <u>/s/ Allison D. Burroughs</u>
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE